

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*50 Main Street – Suite 1100*
*White Plains, New York 10606*

March 6, 2024

The Honorable Nelson S. Román
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re: *United States v. Robert Pope*
       23 Cr. 58 (NSR)

Dear Judge Román:

  The Government respectfully submits this letter to request that the Court impose a sentence of 144 months' imprisonment. As discussed below, the requested sentence is necessary to protect the public and appropriate given the seriousness of the defendant's offense conduct.

### Factual Background

**A. Offense Conduct**

  On June 14, 2021, the mother of a 16-year-old minor male ("Victim-1') reported to the Mount Vernon Police Department ("MVPD") that she had discovered sexually explicit communications on Victim-1's phone. According to Victim-1's mother, the communications appeared to have been exchanged between Victim-1 and Robert Pope, who was known by Victim-1's mother, and the communications appeared to reference a sexual encounter between Victim-1 and Pope. PSR ¶ 8.

  Victim-1's mother showed one of the MVPD detectives text messages on Victim-1's phone between Victim-1 and the defendant. The messages included messages exchanged on or about April 10, 2021, and April 11, 2021. In the messages, Pope asked Victim-1 where he was, and Victim-1 provided an address. Thereafter, Pope texted Victim-1, "I'm here" and asked, "what door." Later, Pope asked Victim-1 "did you like" and Victim-1 responded, "yeah lol, I liked it a lot actually" and told Pope that his "dick" is "nice and big." Pope responded, "Lol you got nice buns." PSR ¶ 9.

  When interviewed, Victim-1 reported that he met with Pope in April 2021, and they engaged in oral and anal sexual conduct. Before that encounter occurred, Pope sent Victim-1 a text message asking if Pope could come over because Pope wanted to see Victim-1. Victim-1 also reported that, on another occasion in 2020, Victim-1 met Pope in a car in Mount Vernon,

New York, and they engaged in oral sexual conduct. Prior to that meeting, Victim-1 also received a text message from Pope asking Victim-1 to meet him. PSR ¶ 10.

Victim-1 reported that, for an extended period of time, he and Pope had engaged in conversations via text message, that Pope had asked Victim-1 to send Pope naked pictures of Victim-1, and that Pope had sent a picture of Pope to Victim-1 in which Pope's penis was exposed. PSR ¶ 11.

On June 15, 2001, MVPD officers arrested Pope for his conduct with Victim-1. In a post-arrest video-recorded interview, Pope stated that he was 30 years old, had coached high school and youth baseball teams in Mount Vernon, New York for years, and that he knew Victim-1 and had reconnected with him on Grindr. In addition, Pope admitted that he had used his cell phone to communicate with Victim-1 and that he had engaged in oral sex with Victim-1. PSR ¶ 12.  Pope was charged in Westchester County Court with three counts of Criminal Sexual Act in violation of New York Penal Law 130.40(2). On July 23, 2021, he was released on a $75,000 bond. PSR ¶ 13.

The forensic examination of Pope's cell phone revealed numerous text messages between Pope and Victim-1.  On September 1, 2020, Pope texted Victim-1, "Ok no problem how old are you this year" to which Victim-1 replied, "I'm 16 now." Pope then texted, "Do u want to meet and speak today." When Victim-1 advised that a meeting later would work, Pope texted him, "Ok what time" and "I get off at 4." Later the same day, at approximately 4:55 p.m., Victim-1 asked, "Where do you want me to meet you" to which Pope responded, "near brush park" and "Ok, don't take too long." Then, at 5:36 p.m., Victim-1 advised Pope, "I'm almost there." Pope provided Victim-1 with an address and said, "Come to my house" and "Let me know when u at the door." At 6:17 p.m., Victim-1 texted Pope, "I'm here."  PSR ¶ 14(i).

On January 7, 2021, at approximately 9:11 p.m., Victim-1 texted Pope, "Like I'm ugly asf lol what was the spark." Pope responded, "Your very low key and secretive that's why." PSR ¶ 14(ii).  On February 11, 2021, Pope asked Victim-1, "U got new videos and photos for me." Victim-1 responded, "I can take some now but will you send pics/videos in return." PSR ¶ 14(iii).

On March 1, 2021, at approximately 3:09 p.m., Pope texted Victim-1, "Ya mom there" and Victim-1 responded, "Yeah but she in her room." Two minutes later, Pope texted, "umm dangerous u can sneak out at 3:25 3:30." Victim-1 responded, "Yeah sure." Pope then responded, "Ok imma come by in 10 minutes." PSR ¶ 14(iv).  On April 11, 2021, at approximately 1:56 p.m., Pope texted Victim-1, "Where I wanna fuck", "Idk…" and "Ok". Approximately 10 minutes later, Pope texted Victim-1, "I just need that then out." Victim-1 responded, "Okay." At approximately 2:13 p.m., Pope texted Victim-1, "I'm here" and "What door." PSR ¶ 14(v).

Pope was arrested on August 10, 2021 for using his cell phone to persuade, induce, entice, and coerce Victim-1 to engage in sexually activity for which a person can be charged with a crime. Pope was 30 years old when he engaged in oral and anal sexual activity with Victim-1, who was 16 years old. PSR ¶ 15.

### B. The Federal Charges and the Guilty Plea

On August 10, 2021, Pope was charged with enticement and coercion, in violation of Title 18, United States Code, Section 2422(b). Information 23 Cr. 058 (NSR) was filed on February 1, 2023. The Information charges that from on or about September 1, 2020, up to and including at least April 11, 2021, Pope, via online and text communications, persuaded, induced, enticed and coerced Victim-1 to meet him in person in Westchester, on more than one occasion to engage in sexual activities.

On December 7, 2023, Pope entered a guilty plea to the Information pursuant to a plea agreement ("Plea Agreement"). Pursuant to the Plea Agreement, the parties agreed that the base offense level was 28 (U.S.S.G. § 2G1.3), that two levels were added because the defendant unduly influenced a minor to engage in prohibited sexual conduct (USSG §2G1.3(b)(2)), that two levels were added because the offense involved the use of computer (U.S.S.G.§ 2G1.3(b)(3)), and that two levels were added because the offense involved the commission of a sex act or sexual contact (USSG §2G1.3(b)(4)). The Plea Agreement provided for a 3-level deduction for acceptance of responsibility. The Plea Agreement also recognized that, because the defendant engaged in a pattern of activity involving prohibited sexual conduct, 5 levels were added pursuant to USSG §4B1.5(b)(1). Thus, the Plea Agreement found an applicable Guidelines offense level of 36.

The Plea Agreement provided that, based on a Criminal History Category of I and an offense level of 36, the defendant's sentencing range was 188 to 235 months' imprisonment.

### C. The Presentence Report

The PSR agrees with the Plea Agreement's calculation of the Guidelines, finding an offense level of 36 and a Criminal History category of I.

The PSR recommends a sentence of 144 months' imprisonment. In explaining this recommendation, the PSR underscores the seriousness of the offense, the need for punishment, specific and general deterrence, the promotion of respect for the law, and the protection of the community. The PSR underscores, "Pope's conduct during the instant offense was predatory in nature as he blatantly engaged in sexual activity with a 16-year-old on more than one occasion." Continuing, the PSR states, "The defendant's conduct represents a disregard for the law, as well as the safety and wellbeing of the minor he victimized for his own sexual gratification. While we recognize the defendant's difficult upbringing and substance use history, we do not believe it negates the risk he poses to the community."

## ARGUMENT

### A 144-Month Term of Imprisonment Is Appropriate

The applicable Guidelines' sentence here is 188 to 235 months' imprisonment. The Government, like the Probation Office, does not believe that a Guidelines' sentence is necessary here. The Government agrees with the Probation Office that a 144-month sentence (to run

concurrently with the defendant's state sentence) would be sufficient, but not greater than necessary, to comply with the 3553(a) factors. The requested sentence is necessary to protect the public and is appropriate given the seriousness of the defendant's offense conduct.

Although the Sentencing Guidelines no longer play a mandatory role at sentencing, they continue to play a critical role in trying to achieve the "basic aim" that Congress tried to meet in enacting the Sentencing Reform Act, namely, "ensuring similar sentences for those who have committed similar crimes in similar ways." *United States v. Booker*, 543 U.S. 220, 252 (2005). In furtherance of that goal, judges are required to "consider the Guidelines `sentencing range established for... the applicable category of offense committed by the applicable category of defendant,' § 3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims, §§ 3553(a)(1), (3), (5)-(7) (main ed. and Supp. 2004)." 543 U.S. at 259-60.

In sentencing defendants, district courts must consider not only the Guidelines but also the other factors set forth in Section 3553(a). Section 3553(a) provides that the sentencing "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and then sets forth seven specific considerations that district courts must take into account at sentencing: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines]; (5) any pertinent policy statement [issued by the Sentencing Commission]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

A.   **The Requested Sentence Will Reflect the Seriousness of the Offense Conduct and Provide Just Punishment**

Here, a sentence of 144 months' imprisonment cannot be considered "greater than necessary" to achieve the goals of sentencing. The defendant, then a 30-year-old adult, found 16-year-old Victim-1 online and engaged in sexual activity with him on more than one occasion. Pope knew Victim-1 before he found him on Grindr because he had been Victim-1's baseball coach. The fact that Pope had been a baseball coach to teenagers and had been Victim-1's coach makes Pope's criminal conduct even more serious and disturbing.

**B.     A 144-Month Sentence Will Protect The Public**

The defendant's sentencing submission describes various sympathetic aspects of his background, most notably his very difficult upbringing. The Government, like the Probation Office, agrees that these factors are mitigating, but they do not negate the risk that he poses to the public.

**C.     The Requested Sentence Will Provide Adequate Deterrence and Promote Respect for the Rule of Law**

In addition to protecting the public and providing a just punishment, the requested sentence of 144-months' imprisonment would send an important message of deterrence to the defendant, underscoring that this serious offense conduct will be met with serious consequences. Further, the requested sentence would also send an important message of deterrence to all others who prey on the most defenseless and vulnerable members of our community – our children.

**Conclusion**

For all the foregoing reasons, the Government requests that this Court impose a sentence of 144-months' imprisonment.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: _____
Marcia S. Cohen
Assistant United States Attorney
(914) 993-1902

cc:  Benjamin Gold, Esq.
     Ashley Geiser, United States Probation Officer